## SOULE *v.* ATKINSON *et als.*

WHERE three persons entered into a partnership agreement, by the terms of which the partnership was to be kept secret, and plaintiff, ignorant of the existence of the partnership, sold goods to one of the firm individually in 1854, and afterwards, in 1860, discovering that the partnership existed in 1854, and that the goods went to the uses of the concern, brought suit against the three : *Held,* that this agreement to keep the partnership secret and its mere conceal-ment from plaintiff do not amount to such a fraud as to avoid the Statute of Limitations.

APPEAL from the Twelfth District.

The complaint avers that on the first of December, 1854, defend-ants, Atkinson, Ranlett and C. Homer, entered into a copartner-ship for carrying on the business of architects, contractors and builders in San Francisco, setting out in full the articles of copart-nership, among which was one that " the said copartnership arrange-ment is to be strictly private and known only to the parties hereto, and the public are to be in no manner apprised of the same." The other articles were, substantially, that all building contracts entered into by either of the parties should belong to the partner-ship; " and whenever there is an opportunity for bidding for con-tracts, all of the said parties may offer their bids, but the contracts, if secured and taken by either party, shall belong to said copart-nership, although the one partner may be the only person ostensi-bly known in the transaction ;" that each partner be equally inter-ested in all contracts and furnish one-third the money necessary : neither to enter into side operations or private speculations without the consent of his copartners, but to devote all his time to the copartnership (nothing is said about any firm name) ; that defend-ants entered into said agreement and inserted this particular stipu-lation about secrecy for the false and fraudulent purpose and intent of procuring goods, materials and contracts for the benefit of the firm, and to fraudulently conceal and evade the joint liability of its members ; that said defendants conducted the business as agreed ; that at the time plaintiff, with his partner, one Page, were doing busi-ness as lumber dealers in San Francisco, and during the year 1854 sold to said copartnership, acting under the name of " C. Homer,"

goods and building materials worth $3,000 ; that said goods, etc., were bought for and used by said partnership, though the purchases were nominally made by said C. Homer, acting ostensibly for himself alone, and that there is now due plaintiff from said defendants, for himself and as assignee of said Page, $4,891.66 ; that at the time of selling said goods, plaintiff and his partner were not aware of said copartnership, and that defendants knowingly concealed the same, although all of them were cognizant of the purchases by Homer ; that by accident, about August 2d, 1860, the existence of said copartnership was discovered by plaintiff, up to which time neither plaintiff nor his partner, nor the public, knew of the same ; that said Homer left the State December 9th, 1854, and has never since returned.

The complaint then adds a count upon two notes signed by C. Homer to order of Soule & Page, dated December 8th, 1854, one for $2,500, the other for $2,391.66 ; this count also containing the same averments as to copartnership and fraud.

Defendants demurred, on the grounds, among others, that the complaint did not state facts sufficient to constitute a cause of action, and that " it appears by the complaint that at the time of the commencement of said action more than four years had elapsed since the said cause of action had accrued." Demurrer sustained and final judgment for defendants, plaintiff not availing himself of the privilege granted to amend. Plaintiff appeals.

*Heydenfeldt*, for Appellant.

1. In case of a dormant or secret partner, credit is given to the ostensible partner, but not exclusively, for the law founds its decision upon the ground that the creditor has had the choice or election of his debtor, which cannot be where the partner is unknown. The credit is therefore binding on all for whom the partner acts, as is the case in any agency for an unknown principal. (Story on Part. secs. 138, 139.) Whoever has a right to share in or has a specific interest in the profits of a trade or particular adventure, becomes chargeable as a partner to third persons. (Gow on Part. 13.) When the secret partner is discovered he is equally liable as if his name had appeared in the firm. (Gow, 162.)

2. Where fraud has been practiced, the Statute of Limitations will not be allowed to prejudice. (Blanchard on Stat. Lim. 81, 1 Law Library; *Wells* v. *Fish,* 3 Pick. 74; *Sherwood* v. *Sutton,* 5 Mason, 143; *Harrell* v. *Keely,* 2 McCord, 426; *Croft* v. *Arthur,* 3 De Sauss, 223; *S. S. Co.* v. *Wymondell,* 3 P. Wms. 143; *First Mass. Turnpike* v. *Field,* 3 Mass. 207; *Harrell* v. *Kelly,* 2 McCord, 426; *Sodowsky* v. *McFarland,* 3 Dana, 205; *Leinhart* v. *Forringer,* 1 Penn.—Pen. & Watts—492.)

3. Concealment, coupled with the legal and moral duty on the part of a debtor to seek his creditor and pay his debt at maturity, makes a case of legal fraud and prevents the statute bar. (*Clark* v. *Colby,* 2 Cox, 173; *Kane* v. *Cook,* 8 Cal. 458; 8 Watts, 16; 1 Id. 401; *Union Bank* v. *Planters' Bank,* 9 Gill & Johns. 460; *Planters' Bank* v. *Farmers' Bank,* 8 Id. 449; *Walker* v. *Bradley,* 3 Pick. 261.)

4. The circumstances of this case make a complete rebuttal of the presumption of payment, and thus answering the theory of the statute prevents its operation.

*Whitcomb, Pringle & Felton* and *Waller & Moore,* for Respondents.

1. The articles of copartnership between the defendants make it the ordinary case of a dormant or secret partnership, and the mere concealment from the world of such a partnership is not a fraud. No concealment of indebtedness is fraudulent unless there is some relation between debtor and creditor that imposes on the debtor a legal obligation to come forward and divulge his indebtedness.

The legality of this, as of all secret partnerships, is that a false credit is not held out to the world. The party contracting gets always at least as much security as he bargains for. No one contracts upon the credit of a secret partner; and the more effectually you conceal his existence and liability the more thoroughly you take from the creditor the possibility of being decoyed by any false credit. (Collyer on Part. sec. 4; *U. S. Bank* v. *Baine,* 5 Mason, 16; *Smith* v. *Black,* 9 Serg. & R. 146; *Trafton* v. *U. S.* 3 Story, C. C. 646. *Pierce* v. *Kearney,* 5 Hill, 86; *Robertson* v. *Smith,* 18 John. 481; *Pinny* v. *Martin,* 4 John. Ch. 566;

*Ward* v. *Johnson*, 13 Mass. 148 ; *Rouse* v. *Southard*, 39 Me. 404 ; *Smith* v. *Bishop*, 9 Vt. 117 ; *Cole* v. *McGlattny*, 9 Greenl. 131 ; *Edwards* v. *Ingraham*, 31 Miss. 272 ; *Stafford* v. *Richardson*, 15 Wend. 302 ; *Buckner* v. *Calcote*, 6 Cushman.)   Nearly all the cases apparently against our position are cases of trust or confidence ; and where that relation does not exist there is always some positive act of fraud beyond the mere concealment of indebtedness.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

It is conceded that the plea of the Statute of Limitations would be good in this case, unless this effect be denied in consequence of the fact that the defendants, partners, were not known as such to the plaintiffs, and that, by an article of the partnership agreement between them and the ostensible partner, their relation was to be kept secret.   It is argued that this concealment of the partnership by the dormant partners, effected in this way, was a fraud which prevents the running of the statute in their favor.   Waiving for the present the consideration that this agreement and concealment are not shown to have been made or done with the intent of deceiving or defrauding the plaintiff, we think the argument of the respondent's counsel conclusive to show that neither this agreement, nor this concealment, nor both together, amounts to such a fraud as maintains the pretension of the plaintiff.   A dormant partner is not bound to give notice of his relations to the firm of which he is a member.   No credit is given on the strength of his connection with the firm.   The very name which describes his character implies that his relations to the firm are secret.   Many justifiable reasons may exist for his keeping a knowledge of his connection with the firm from being made public, while no injury is necessarily done to any one from a failure to disclose it.   The many cases cited by the respondent's counsel show that the mere concealment by the dormant partner of this fact is not fraudulent.   If this be so, the conclusion is irresistible that it cannot be a fraud to agree to do what, when done, is innocent, or at least, not legally culpable.

It is not necessary to examine the other questions, for this one is decisive.

Judgment affirmed.